IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No: 1:13CR350** |
| | : | **Hon. Leonie M. Brinkema** |
| **DEVANTE JORDAN** | : | **Sentencing: Mar. 27, 2014** |
| **Defendant** | : | |

## DEFENDANT DEVANTE JORDAN'S SENTENCING MEMORANDUM

COMES NOW the Defendant, DEVANTE JORDAN, by and through counsel, in accordance with 18 U.S.C § 3553(a) and the Guidelines Manual (Nov. 1, 2013 ed.) and respectfully submits his Sentencing Memorandum. Mr. Jordan objects to the criminal history calculation and assert that the Sentencing Guidelines for Count 10 (conspiracy to commit robbery) would be properly calculated at an advisory range of 51-63 months, plus a mandatory 120 months for Counts 13 (discharge of a firearm), resulting in a total advisory range of 171-183 months. Defendant respectfully submits that a variance sentence of 130 months is fair, just, and warranted in this case.

## I.      OBJECTION TO GUIDELINES SENTENCING RANGE

Mr. Jordan has received and reviewed the Presentence Investigation Report (PSI) and objects to the criminal history calculation on the basis that it includes an offense that is part of relevant conduct. Specifically, the offenses listed in paragraph 76 on page 14 of the PSI (originating out of a July 22, 2012 robbery in D.C.) are part of the relevant conduct in the instant case. That incident is specifically mentioned in paragraph 3 of Mr. Jordan's Statement of Facts

(which is referenced in paragraph 60 on page 12 of the PSI). Under the Sentencing Guidelines, a "prior sentence" for criminal history computation purposes only includes "conduct not part of the instant offense" - in other words, "relevant conduct" is excluded as "prior" conduct. See U.S.S.G. §4A1.2(a)(1) and Application Note 1. Therefore, zero criminal history points should be assessed for this DC Superior Court conviction, instead of two points. See PSI at Worksheet C.

In addition, two points are added pursuant to §4A1.1(d) on the basis that Jordan was under a criminal justice sentence for the DC Superior Court case referenced above when he committed the instant offense. However, in order for that section to apply, the underlying sentence must be countable under §4A1.1. See U.S.S.G. §4A1.1, Application Note 4. Since the underlying D.C. sentence was imposed for relevant conduct, neither the prior sentence itself nor the "while under any criminal justice sentence" enhancement is applicable. With these four points (two for the sentence itself and two for the "while under" enhancement), Mr. Jordan has a total of two criminal history points for a Criminal History Category of II. With an Offense Level Total of 23, the resulting range is 51-63 months (plus the 924(c) mandatory sentence), for a combined sentencing range of 171-183 month.

## II.  A SENTENCE OF 130 MONTHS INCARCERATION WOULD BE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES OF SENTENCING SET FORTH IN 18 U.S.C. §3553(a)

### A.  The History and Circumstances of Devante Jordan

Devante Jordan, 21 years old, was born on June 23, 1992 in Washington, DC. PSI at 19 ¶ 85. He grew up without a father and had been in foster care since age 7 due to physical abuse he suffered from his mother. *Id.* at 19 ¶¶ 85, 87. He began using marijuana at age 9. *Id.* at 21 ¶ 97.

2

By age 18, he was smoking marijuana three times per week. *Id.*

**B.    The Need to Avoid Unwarranted Sentencing Disparities**

In the instant case, numerous co-conspirators have already been sentenced for their respective roles in this conspiracy, many receiving significant downward variances. Kaleef Tweedy similarly pled guilty to Counts 10 and 13 (as well as an additional count, Count 9, conspiracy to engage in sex trafficking - which did not involve Mr. Jordan). Tweedy similarly was at a Criminal History Category II. The low end of his guidelines (taking into account the mandatory 120 months for the firearm count) was 288 to 330 months. This Court sentenced him on March 14, 2014 to a period of incarceration of 180 months, a variance from the low end of 108 months, 37.5%.

Curtis Martino was sentenced by this Court based on a plea to Count 1 (conspiracy to commit racketeering) and Count 13 (use and carry of a firearm). The low end of his guidelines (taking into account the mandatory 120 months for the firearm count) was 330 to 382 months. This Court sentenced him on March 21, 2014 to a period of incarceration of 260 months, a variance from the low end of 70 months, 21%.

We respectfully submit that a sentence of 130 months, representing a variance of 41 months (24%) would be fair, just and appropriate in this case.

**III.  CONCLUSION**

Devante Jordan has pled guilty and accepted responsibility. He made the decision to fully accept responsibility for his conduct, but not cooperate against others, so the sentence he receives will be the time he ends up serving. Mr. Jordan respectfully requests that this Court sentence him

to a total period of incarceration of 130 months. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

Respectfully Submitted,

DEVANTE JORDAN
By Counsel

_____/s/_____
JEFFREY D. ZIMMERMAN
SMITH & ZIMMERMAN, PLLC
VA Bar #38858
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911
Fax (703) 548-8935
zimpacer@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2014, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record. In addition, a copy was emailed to Senior United States Probation Officer Carla G. Coopwood.


_____/s/_____
JEFFREY D. ZIMMERMAN
SMITH & ZIMMERMAN, PLLC
VA Bar #38858
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911
Fax (703) 548-8935
zimpacer@gmail.com